UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GIOVANNI K. KURTZE,<br><br>        Plaintiff,<br>v.<br>STATE OF NEVADA, et al.,<br><br>        Defendants. | Case No. 2:17-cv-00208-APG-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on screening of Plaintiff Giovanni K. Kurtze's proposed complaint pursuant to 28 U.S.C. §§ 1915 and 1915A. The screening is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Mr. Kurtze is a prisoner proceeding in this action *pro se*. He is currently in custody at the Lakes Crossing Center. Notice of Change of Address (ECF No. 8). In a separate order entered today, the court granted his request to proceed *in forma pauperis.*

Mr. Kurtze submitted his original Complaint (ECF No. 1-1) with his Initiating Documents (ECF No. 1) on January 23, 2017. He submitted an Amended Complaint (ECF No. 5-1) on January 30, 2017, and a First Amended Complaint (ECF No. 7) on April 12, 2017. For screening purposes, the court will review the most recent pleading—the First Amended Complaint (ECF No. 7).

I.  **SCREENING THE COMPLAINT**

After granting a prisoner's request to proceed IFP, a federal court must screen the complaint before the case is allowed to move forward and a responsive pleading is required. 28 U.S.C. § 1915; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). The court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its screening, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from

such relief. 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (PLRA)); 28 U.S.C. § 1915A(b). When a court dismisses a complaint upon the initial screening, a plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc) (although the PRLA requires dismissal of a faulty complaint, a court retains discretion to grant leave to amend if the deficiencies could be cured). If the complaint states a valid claim for relief, the court will direct the Clerk of the Court to issue summons to the defendants and instruct the United States Marshal Service to serve the summons and complaint. *Cf.* Fed. R. Civ. P. 4(c)(3); LSR 1-3(c).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**A.     Mr. Kurtze's Factual Allegations and Claims for Relief**

The First Amended Complaint (ECF No. 7) names as defendants the State of Nevada, Steven B. Wolfson, Michael Staudaher, and Linda Marie Bell. Mr. Kurtze alleges that a violation of his civil rights occurred on July 30, 2014, when Staudaher, a deputy district attorney, presented multiple criminal charges to a grand jury in the Nevada state court. The charges against Kurtze included murder with the use of a deadly weapon, robbery with the use of a deadly weapon, and grand larceny auto. *See State of Nevada v. Giovanni Kurtze*, Case No. C-14-299786-1. The grand jury returned an indictment to Judge Linda Marie Bell. Mr. Kurtze alleges the investigation began on October 16, 2012. Thus, defendants Bell and Staudaher violated NRS 172.047, which purportedly requires a grand jury to complete its investigation within one year. He alleges these actions violated Kurtze's Fifth and Fourteenth Amendment rights. He seeks $17 million in monetary damages.

For the reasons discussed below, the court finds that the First Amended Complaint fails to state an actionable claim. Because it is clear from the face of the pleading that the deficiencies could not be cured by amendment, the court also recommends dismissal.

### B. Legal Standard

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question truth of plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless," *id.*, or lack an arguable "basis in law or fact." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Malicious claims are those "filed with the intention or desire to harm another." *King*, 398 F.3d at 1121; *Washington*, 833 F.3d at 1055. The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under §§ 1915 and 1915A is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure to state a claim. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1043 (9th Cir. 2016) (quoting *Andrews*, 398 F.3d at 1121); *Washington*, 833 F.3d at 1055–56.

A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The simplified pleading standard set forth in Rule 8(a) applies to all civil

---

[1] All references to a "Rule" or the "Rules in this Order refer to the Federal Rules of Civil Procedure.

actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires a plaintiff to state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 679–80. A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Stated differently, the factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216.

**C.    Analysis**

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 "is not itself a source of substantive rights," it merely provides a method for vindicating federal rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation omitted). To state a claim under § 1983, a plaintiff must allege: (1) his or her his civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48–49 (1988). In general, a "public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 49.

**1.    Michael Staudaher and Steven Wolfson**

The Supreme Court has repeatedly held that prosecutors are absolutely immune from liability for constitutional claims when they are acting within the scope of their duties. *See, e.g.*, *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009); *Imbler v. Pachtman*, 434 U.S. 409, 427–31 (1976). In determining whether a defendant is entitled to absolute prosecutorial immunity, the

court examines the nature of the function performed. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997). Prosecutors engaged in traditional prosecutorial functions (*i.e.*, activities "intimately associated with the judicial phase of the criminal process") are immune from suits for constitutional violations. *Imbler*, 434 U.S. at 430; *Cousins v Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009). Prosecutors are absolutely immune from suit when they function as advocates. *Id*. at 430–31.

The First Amended Complaint alleges that Mr. Staudaher violated Mr. Kurtze's civil rights by presenting multiple criminal charges to a grand jury in July 2014. This allegation does not state a colorable claim against Mr. Staudaher because decisions about when to bring charges fall squarely within his duties as a deputy district attorney. *See, e.g.*, *Hartman v. Moore*, 547 U.S. 250, 261–62 (2006) (immunity applied for deciding whether and when to prosecute, deciding what witnesses and what evidence to present); *Heinemann v. Satterberg*, 731 F.3d 914, 918 (9th Cir. 2013) (affirming absolute immunity for decision to initiate prosecution). Mr. Kurtze states no allegations against Mr. Wolfson. Kurtze merely states that Wolfson is sued in his official capacity as the Chief District Attorney. A plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (a supervisor cannot be held liable in his individual capacity under § 1983 merely because he is a supervisor). Because Mr. Staudaher is entitled to absolutely immunity for presenting the criminal charges against Mr. Kurtze to the grand jury, his claim against Wolfson also fails. Accordingly, dismissal is appropriate.

### 2. Judge Linda Marie Bell

The Supreme Court has repeatedly held that judges are absolutely immune from damages for acts performed within their official capacities. *See, e.g.*, *Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982); *see also Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008); *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("A seemingly impregnable fortress in American Jurisprudence is the absolute immunity of judges from civil liability for acts done by them within their judicial jurisdiction."). Judges retain absolute immunity even when they are accused of acting maliciously or corruptly, and when they are accused of acting in error. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Meek v. Cnty. of Riverside*,

183 F.3d 962, 965 (9th Cir. 1999); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). To determine if a given action was judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman*, 793 F.2d at 1075–76; *see also Stump*, 435 U.S. at 362; *Meek*, 183 F.3d at 965–66.

Here, Mr. Kurtze alleges that Judge Bell violated Kurtze's civil rights by hearing a grand jury indictment charging him with multiple crimes in July 2014. He describes her as a "wrongful judge." He was arraigned on the indictment on August 7, 2014. The allegations clearly demonstrate that Judge Bell is entitled to absolute judicial immunity because presiding over a case in which a grand jury has returned an indictment is a typical judicial function taken in her official capacity as a judicial officer. Thus, Mr. Kurtze's claim fails to state an actionable claim against Judge Bell and dismissal is appropriate. .

### 3. **The State of Nevada**

The First Amended Complaint names the State of Nevada as a defendant, presumably because the caption of his criminal case indicated the case was brought against him by the State of Nevada. The Amended Complaint makes no specific allegations against the state. States are not persons for the purposes of a § 1983 action. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *Jackson v. Barnes*, 749 F.3d 755, 764 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 980 (2015). Section 1983 claims against states are therefore legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as set forth in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Because Mr. Kurtze's claim against the State of Nevada is legally frivolous, it must be dismissed.

Mr. Kurtze would ordinarily be given leave to amend a deficient complaint upon an initial screening; however, it is clear from the face of his First Amended Complaint that these deficiencies cannot be cured by amendment. Thus, the court recommends dismissal.

///

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff Giovanni K. Kurtze's First Amended Complaint (ECF No. 7) be DISMISSED and the Clerk of the Court be instructed to enter judgment accordingly.

Dated this 17th day of January, 2018.

                                          PEGGY A. LEEN
                                        UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. See Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. See also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. See *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.